[No. 38818. Department One. June 29, 1967.]

FAYE E. FOWLER, *Appellant*, v. OSCAR F. FOWLER, *Respondent*.*

John L. Vogel, for appellant.

Montgomery, Purdue, Blankinship & Austin, for respondent.

*Reported in 429 P.2d 881.

HALE, J.—In some cases a simple exercise in arithmetic reveals the right more clearly than ten thousand words of judicial reasoning. This is such a case.

Faye and Oscar Fowler were married August 13, 1946. By the time she brought this action for divorce in August, 1965, they had four children: Mark, age 18, a student at the University of Washington; Pamela Sue, 17 years old, attending a private school in Virginia; Douglas, age 12, attending public school; and Jacqueline, born in 1961, of preschool age. The two older children expressed a preference to live with their father, and this the court ordered. Care, custody and control of the two younger children was given to the mother.

Plaintiff and defendant, on complaint and cross-complaint respectively, were each granted a divorce on the identical grounds of indignities and cruel treatment toward the other. Thus, questions of fault figure minimally in matters of property, support and alimony. The trial court made findings that defendant husband, a retired air force colonel, at the time of the divorce was receiving a military pension of nearly $6,000 per year and a salary from the Boeing company of about $16,000, giving him a total income of approximately $22,800 per year.

Plaintiff wife, according to the findings, "is in good health, has more than two years' college education, makes a good appearance and is employable at a variety of jobs which would produce at least $300.00 per month." The findings did not specify which particular jobs she could fill nor whether any were then available. The wife appeals from a decree of divorce awarding her temporary alimony of $150 per month for 12 months. We believe her position well taken.

As to the property, the parties had very little to divide. Their assets consisted mainly of household furniture valued at $1,500, and an interest in two automobiles and a boat. Equity in their residence had been sold prior to the divorce, yielding only $5,666.92, a sum which the court ordered in to its registry for payment of debts. More than half of this

sum, then, by court order, went to pay debts and, from the remainder, each party received $1,115.

The trial court awarded the wife all of the household furniture and the husband a 1955 Cadillac sedan, a Volkswagen automobile and a 15½ foot Century inboard boat. The entire community estate, totaling about $10,000, and subject to approximately $4,000 in debts, thus provided little financial security for the future of either party.

As to alimony and child support, the court gave defendant husband custody of the two older children, and then ordered that

The defendant is required to pay the plaintiff $150.00 per month as alimony for twelve months and $150.00 per month for the support of Douglas Fowler and $150.00 per month for the support of Jacqueline Fowler until each of said children becomes twenty-one, marries or becomes wholly self-supporting, which ever event occurs first.

It is the alimony provision awarding plaintiff $150 per month for 12 months which provides the major issue before us, an issue we think resolved by the mathematics of the situation.

At the time of the decree, plaintiff wife was unemployed, had no history of regular employment and no immediate prospects for a job. The two younger children lived in an apartment with her and she had resumed her education with the idea of qualifying for a college degree and a teaching certificate.

Conversely, defendant husband had a combined income of $22,800 annually from his retirement pension and position at Boeing Aircraft. Even when allowance is made for the support and education of four children, the marked disparity in their financial conditions and the extreme differences in their economic future is not alleviated. Nor did the $300 per month paid by the husband to the wife for the support of the two younger children living with her, when regarded in the light of the husband's income as contrasted to the $150 per month alimony for a scant 12

months eliminate the great disparity in the immediate financial condition of the parties.

■   Alimony must be gauged by two broad criteria: the necessities of the wife and the financial ability of the husband. *McNair v. McNair,* 64 Wn.2d 283, 391 P.2d 549 (1964). Necessities, of course, is but another way of describing the reasonable needs of the parties and these must be considered in the light of the duration of the marriage, the financial condition of the parties during its tenure, the ages, health, education and financial prospects of the parties and the children, and such other factors as a court of equity would deem appropriate to a just solution. *Edinger v. Edinger,* 67 Wn.2d 198, 406 P.2d 959 .(1965); *Dakin v. Dakin,* 62 Wn.2d 687, 384 P.2d 639 (1963).

Accordingly, we hold the award of alimony inadequate to meet the standards laid down by these rules. Because the alimony will not permit the wife to complete her education and at the same time take care of the two younger children, it will be increased to $300 per month and extended to 3 years. Accordingly, the cause is remanded for modification of the decree to provide alimony from defendant to plaintiff at the rate of $300 per month for 36 months. Plaintiff is further awarded an additional attorney's fee of $250 for this appeal and shall also be awarded her costs on appeal.

Affirmed as modified.

FINLEY, C. J., HILL and WEAVER, JJ., and LANGENBACH, J. Pro Tem., concur.