[No. 39364. Department One. December 12, 1968.]

Doris D. Kelso, *Respondent,* v. Bill F. Kelso, *Appellant.*\*

*Irwin, Friel & Myklebust,* by *Kenneth B. Myklebust,* for appellant.

*Richard R. Loucks,* for respondent.

\*Reported in 448 P.2d 499.

McGovern, J.—Doris D. Kelso and Bill F. Kelso were married at El Dorado, Kansas in the winter of 1951. It was her second marriage and his first.

Shortly after the marriage, Mr. Kelso returned to college, obtained his undergraduate degree, master's degree and finally his doctorate in the year 1961. Both he and Mrs. Kelso worked during that period of time. With that educational background he is now a federal employee doing specialist work in the dairy industry field. His gross income is approximately $1,000 per month.

On October 14, 1966, the contract of marriage was judicially terminated. Mrs. Kelso was awarded a decree of divorce and the care and custody of the two children, now ages 15 and 14 years. The decree also provided for child support in the sum of $125 per month per child, terminating for the child as he or she attained the age of 21 years, married or became self-supporting. Mrs. Kelso was awarded alimony in the sum of $150 per month, terminable upon her remarriage or the death of either party. The decree also provided, among other things, for a division of their property, payment of the community debts, costs and fees.

Mr. Kelso appeals and directs 10 of his assignments of error to the alimony award. We consider those assignments first.

The trial court's findings indicate that the alimony award was predicated on the following:

> Plaintiff has contributed substantially to defendant's education and to defendant's high earning power and plaintiff has a limited earning capacity both because of such efforts and because of her age and her past, present and future responsibilities as a mother of the children of the parties. (Finding of Fact No. 11.)

Testing that finding against the record, we too find that Mrs. Kelso made substantial contributions to her husband's education and to his increased earning power. She made contributions in many forms, including the employment income she produced during her husband's educational years. She is entitled to much recognition and credit for

those endowments. We cannot, however, find that those employment experiences now limit her earning capacity, as the trial court stated. To the contrary, we believe that her abilities have been enriched because of them. The knowledge she gained will stand her in good stead as she seeks employment in the secretarial and bookkeeping fields, her former areas of employment.

Nor can there be doubt that she has employment proficiency. That is attested to by the fact that shortly before trial, Mrs. Kelso took and passed an examination leading to employment as a state civil service class III employee. And part-time employment was available. She admitted, however, that she was not seeking employment for fear that the court would make an insufficient child-support award if she was employed. She is a young woman, age 40 years, and is in good health.

We conclude that the trial court was in error when it found that Mrs. Kelso's earning capacity is now limited because of her age, former contributions to Mr. Kelso's education and because of her past motherhood duties. We do agree, however, and give credence to such part of the finding as assessed a restricted earning power to Mrs. Kelso because of her "future responsibilities as a mother of the children of the parties." It was apparently the trial court's belief that, under all of the circumstances of the case, including the wishes of the parties and the children, the professional status of Mr. Kelso, the amount of his income, the needs, interests and welfare of the children, and the excessive burden that would be imposed on Mrs. Kelso, that her constant attention is more important to the children at this stage of their life than is her immediate employment. Our consideration of the same factors persuades us to concur in that determination.

This stage of the children's lives must, however, have a terminal point. We conclude that it should be when the youngest child of the parties completes his high school education. In the meanwhile Mrs. Kelso can finish her preparations for a return to work. The alimony award to

Mrs. Kelso will therefore terminate at that time unless sooner terminated by her remarriage or Mr. Kelso's death, whichever first occurs. An alimony award of longer duration than the one ordered by this revision would not be justified under the circumstances of the case and would be inequitable to Mr. Kelso. *See DeRuwe v. DeRuwe,* 72 Wn.2d 404, 433 P.2d 209 (1967).

We have said before, and we now repeat, that alimony is not awarded as a matter of right. Whether or not it should be awarded depends upon the necessities of the wife and the financial ability of the husband to pay. The facts of the case are therefore the determinants. *Morgan v. Morgan,* 59 Wn.2d 639, 369 P.2d 516 (1962); *Murray v. Murray,* 26 Wn.2d 370, 174 P.2d 296 (1946); *Duncan v. Duncan,* 25 Wn.2d 843, 172 P.2d 210 (1946). Unless there is need there should be no alimony. That is the public policy in this state. *Holloway v. Holloway,* 69 Wn.2d 243, 417 P.2d 961 (1966). We believe the facts of this case support the alimony award as here modified.

The next assignment of error relates to the support award for the children. Mr. Kelso complains of its monetary excessiveness. He argues that "[a] close examination and analysis of the evidence establishes the combined needs [of Mrs. Kelso and the children] at $459.00 to $478.00 per month", and that since she can earn $300 per month by working, then the combined support award should not exceed $178. The argument has no supportive base. The trial court found, and we have affirmed, that Mrs. Kelso's presence with the children is presently necessary. She is not now required to work. A support award in amount less than what the court ordered would require her employment, take her attention away from the children, and thus defeat the basis for the alimony allotment. We believe that the record adequately supports the amount of the award. We will not substitute our judgment for that of the trial court. *Wages v. Wages,* 39 Wn.2d 74, 234 P.2d 497 (1951).

And, finally, Mr. Kelso complains of the trial court's failure to grant him a decree of divorce. An examination of the

record discloses findings by the court which rejected Mr. Kelso's claimed grounds for such a decree. Those findings are firmly supported by the record. There is no merit to the assigned error.

The cause is remanded with instructions to modify the decree in accordance with the views herein expressed. As so modified, the decree is affirmed. Neither party shall recover costs.

ROSELLINI, HUNTER, HALE, and NEILL, JJ., concur.