[No. 954-3.   Division Three.   October 4, 1974.]

*In the Matter of the Marriage of* PATRICIA A. MELVILLE, *Respondent, and* JOHN H. MELVILLE, *Appellant.*

*Norman D. Brock* (of *Underwood, Campbell, Zellmer & Brock*), for appellant.

*David W. Henault* (of *Fredrickson, Maxey, Bell & Allison, Inc., P.S.*), for respondent.

McINTURFF, J.—John Melville appeals from an award of property, alimony, child support and attorneys' fees in a decree of dissolution.

His net worth was in excess of $100,000 when the parties were married in 1966. In 1973 the parties' net worth, including both separate and community property, was approximately $31,800.

The court awarded Patricia Melville $14,000 in cash, the household furniture and furnishings valued at approximately $2,500, and an unvalued car. She was ordered to pay a $2,000 community obligation owed her mother. Her husband was awarded personal property valued at $106,764.28, real property valued at $37,550, plus liabilities of $115,206.24. He was ordered to pay: (1) child support of $100 per month per child until such time as each child reached the age of 18, or was sooner emancipated, or until the age of 21 if the child was regularly enrolled in school; (2) $4,000 attorneys' fees for his wife; (3) $100 per month alimony for 12 months; and (4) $6,100 in community obligations.

■■ The first issue is whether the trial court erred in failing to make a specific finding as to the character and status of the property of the parties prior to its division.

The characterization of property is not controlling upon its division, but rather one of many factors to be considered by the court. *Eide v. Eide*, 1 Wn. App. 440, 462 P.2d 562 (1969); *Worthington v. Worthington*, 73 Wn.2d 759, 440 P.2d 478 (1968). It is evident from the court's oral decision and findings that it appreciated the fact Mr. Melville possessed substantial income-producing property prior to the marriage. As a result, the source of his livelihood was left intact for his benefit. The award of property to Mrs. Melville was not an abuse of discretion; thus this court will not substitute its judgment for that of the trial court. *Robuck v. Robuck*, 62 Wn.2d 917, 385 P.2d 50 (1963).

■ Secondly, is an award of alimony for a period of 12 months, with no mention of its termination upon the remarriage of the wife, inequitable and an abuse of judicial discretion? We answer in the negative. An award of alimony, including its duration, lies within the sound discretion of the trial court. *Kelso v. Kelso*, 75 Wn.2d 24, 448 P.2d 499 (1968). Since the trial court did not specifically order the alimony to continue beyond the remarriage of Mrs. Melville, that portion of the decree is controlled by the second paragraph of RCW 26.09.170 which states:

> Unless otherwise agreed in writing or *expressly provided in the decree* the obligation to pay future maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance.

(Italics ours.) There being no express provision for the continuation of alimony after the remarriage of Mrs. Melville, Mr. Melville's obligation terminates upon the former's remarriage.

■ Thirdly, does a court in a dissolution proceeding have jurisdiction to direct a parent to provide a child post-majority support and education? RCW 26.09.170 specifically confers upon a dissolution court jurisdiction to direct a parent to provide for the support and education of a child after it attains majority, wherein it provides:

> Unless otherwise agreed in writing or *expressly provided in the decree,* provisions for the support of a child

are terminated by emancipation of the child or by the death of the parent obligated to support the child.

(Italics ours.) The jurisdictional defect described in *Baker v. Baker*, 80 Wn.2d 736, 498 P.2d 315 (1972), and relied upon by Mr. Melville, no longer exists. *See* Rieke, *The Dissolution Act*, 49 Wash. L. Rev. 375, 412-13 (1974). The award was within the court's jurisdiction.

█ The final issue is whether the allowance of $4,000 in attorneys' fees makes the property division inequitable. The awarding of attorneys' fees is not an element of a property division. RCW 26.09.140. The amount of attorneys' fees awarded to a wife in a dissolution case rests in the sound discretion of the trial court, which must consider the financial need of the wife and the ability of the husband to pay. *Fite v. Fite*, 3 Wn. App. 726, 479 P.2d 560 (1970). We find no abuse of discretion in the award herein.

The judgment of the trial court is affirmed.

GREEN, C.J., and MUNSON, J., concur.