[No. 4124–1. Division One. March 14, 1977.]

*In the Matter of the Marriage of* JOHN NICHOLSON, *Appellant, and* GWENDOLINE P. NICHOLSON, *Respondent.*

*John R. Simmons,* for appellant.

*Jonson & Jonson* and *Bernice Jonson,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

John Nicholson appeals from an award of property, alimony, child support and attorneys' fees in a decree of dissolution.

This dissolution action was commenced by Mr. Nicholson. The decree was entered following a 2–day trial in May of 1975.

The issues presented require that some factual detail be set out.

The parties were married in January of 1947 and three children were born of the marriage. At the time of trial, two of the children were emancipated and one child, a 10–year-old daughter, was living with her mother and attending a private church school. The health of both parties was good.[1]

The husband, aged 50, is a machinist by trade. For many years he has been steadily employed as the plant superintendent for a woodworking firm. His gross salary was $1,465 a month at the time of trial and he netted a take–home pay of about $1,116. In addition, his employer provided him with an automobile and insurance thereon together with medical insurance.

The wife was 49 years of age. She was employed as a teacher's aide with a net take–home pay of about $187 per month. Her job was being terminated at the end of the school year, however, due to failure of a school levy to pass.

---

[1] As a court of review, we are unable to consider contentions concerning either party's health made for the first time on appeal. Matters of this kind which are not a part of the record certified to us by the trial court will not be considered. *State v. Armstead,* 13 Wn. App. 59, 65, 533 P.2d 147 (1975).

She had worked for a few relatively brief intervals during the marriage but for the most part stayed at home to raise the children, that being her husband's wish. She testified that her husband did not approve of her working. The jobs she had were essentially unskilled.

The parties informally divided monies between themselves in June of 1972 wherein the wife received cash assets of $11,066.43 and the husband, $10,541.01, which the decree confirmed.

The wife was awarded property valued at approximately $37,000 and the husband was awarded property valued at approximately $17,000 together with the parties' shares of stock in the closed corporation for which he worked. The parties were each given a half interest in a pending alienation of affections action brought by the wife against the woman with whom the husband was allegedly living.[2]

The husband was ordered to pay the wife $400 a month as alimony or maintenance for a period of 10 years or until she remarries or dies.

Custody of the minor daughter was awarded to the wife with visitation privileges accorded to the husband, and the husband was ordered to pay $175 a month as child support. The child support is to continue until the minor daughter reaches high school, at which time it will be increased to $200 a month until the child becomes 18, marries or becomes self–supporting. The husband was required to provide medical and dental insurance for the child as available through his employment, and to maintain life insurance to provide for the child's support in the event of the husband's death.

The husband was also ordered to pay $500 toward the wife's attorneys' fees incurred in this litigation.

### ISSUES

ISSUE ONE. Was the award of alimony to the wife reversible error?

---

[2]*See Wyman v. Wallace*, 15 Wn. App. 395, 549 P.2d 71 (1976) abolishing the common–law action for alienation of a spouse's affection.

ISSUE TWO. Was the property division reversible error?

ISSUE THREE. Was the award of child support reversible error?

ISSUE FOUR. Was the award of attorneys' fees to the wife reversible error?

## DECISION

This case involves factual issues and the exercise of discretion by the trial court. As to these, certain principles are fundamental.

■ It is the province of the trial court to determine factual issues and we will not retry such issues on appeal. *Bjorneby v. Bjorneby,* 56 Wn.2d 561, 562, 354 P.2d 384 (1960); *Roach v. Roach,* 72 Wn.2d 144, 148, 432 P.2d 579 (1967). The trial court's findings of fact will be accepted as verities if there is substantial evidence in the record to support them. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959); *Charles Pankow, Inc. v. Holman Properties Inc.,* 13 Wn. App. 537, 542, 536 P.2d 28 (1975).

■ As to the trial court's exercise of its discretion, more is required to establish an abuse of that discretion than disagreement with the trial court's opinion or an honest difference of opinion. *Rehak v. Rehak,* 1 Wn. App. 963, 965, 465 P.2d 687 (1970). To constitute an abuse of discretion, the discretion must have been exercised upon a ground, or to an extent, clearly untenable or manifestly unreasonable. *Friedlander v. Friedlander,* 80 Wn.2d 293, 304, 494 P.2d 208 (1972); *Cleaver v. Cleaver,* 10 Wn. App. 14, 16, 516 P.2d 508 (1973). In order to conclude that a trial court manifestly abused its discretion, an appellate court is required to find that no reasonable person would have ruled as that trial judge did. *Richards v. Richards,* 5 Wn. App. 609, 613, 489 P.2d 928 (1971).

ISSUE ONE.

CONCLUSION. The award of alimony or maintenance to the wife in the sum of $400 per month for a period of 10

years or until she earlier remarries or dies was not an abuse of the trial court's discretion under the facts presented.

Prior to the enactment of the dissolution of marriage act in 1973, the courts of this state implied the authority to award alimony from statutes then in effect. *Loomis v. Loomis,* 47 Wn.2d 468, 288 P.2d 235 (1955). Courts considered a number of factors in deciding whether or not to award alimony and in what amount. Foremost among the factors to be considered by the court were the necessities and financial abilities of the parties, the need of the parties' children to be cared for, the age, earning capacity, health, education, restricted earning capacity, if any, and the prior financial contribution of each party. *Kelso v. Kelso,* 75 Wn.2d 24, 448 P.2d 499 (1968); *Fowler v. Fowler,* 71 Wn.2d 540, 429 P.2d 881 (1967); *Mose v. Mose,* 4 Wn. App. 204, 480 P.2d 517 (1971).

When this state replaced its divorce laws with the dissolution of marriage act, what had previously been called "alimony" came to be called "maintenance" and the criteria for awarding it were set forth in RCW 26.09.090. Essentially these remain the same as under prior case law except that the factor of fault has now been excluded. *See* Rieke, *The Dissolution Act,* 49 Wash. L. Rev. 375 (1974); Holman, *A Law in the Spirit of Conciliation and Understanding: Washington's Marriage Dissolution Act,* 9 Gonzaga L. Rev. 39, 47 (1973).

The statute authorizing maintenance and establishing criteria therefore reads:

Maintenance orders for either spouse—Factors. (1) In a proceeding for dissolution of marriage, legal separation, declaration of invalidity, or in a proceeding for maintenance following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse, the court may grant a maintenance order for either spouse. The maintenance order shall be in such amounts and for such periods of time as the court deems just, without regard to marital misconduct, after considering all relevant factors including but not limited to:

(a) The financial resources of the party seeking maintenance, including separate or community property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(b) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find employment appropriate to his skill, interests, style of life, and other attendant circumstances;

(c) The standard of living established during the marriage;

(d) The duration of the marriage;

(e) The age, physical and emotional condition, and financial obligations of the spouse seeking maintenance; and

(f) The ability of the spouse from whom maintenance is sought to meet his needs and financial obligations while meeting those of the spouse seeking maintenance.

RCW 26.09.090.

Here the wife was 49 years of age, had no formal education beyond high school, and had virtually no employment history except for brief periods of time when she did largely unskilled work as a drugstore clerk and later as a teacher's aide. During the marriage, her husband had deemed it advisable that she remain home and raise the children. She raised two children to maturity and now has a young daughter. As the trial court found with respect to the wife, "her age, lack of training and qualifications will tend to confine her to employment of low income and uncertain tenure." And, in addition, "she will be required to maintain and provide a home, supervision and care for the child . . ."

The husband, by contrast, has been steadily employed all of his adult years. He has held a steady job as plant superintendent at a manufacturing plant since 1968, earns a good salary and his future job prospects appear excellent.

An award of maintenance, including its duration, lies within the sound discretion of the trial court. *In re Melville,* 11 Wn. App. 879, 881, 526 P.2d 1228 (1974).

Maintenance provisions under the present act are still subject to modification upon a proper showing of a substantial change in circumstances, RCW 26.09.170, and that is a factor which we have considered in reviewing the discretion which the trial court exercised in fixing the term of the maintenance award. *See Ovens v. Ovens,* 61 Wn.2d 6, 9, 376 P.2d 839 (1962). We cannot say that no reasonable person could have ruled as the trial judge did in this regard. We therefore hold that there was no abuse of discretion by the trial court in making the maintenance award that it did.

ISSUE TWO.

CONCLUSION. Property does not necessarily have to be divided equally in order to constitute a fair division of property in a marriage dissolution case. The trial court did not abuse its discretion in this regard under the facts of this dissolution case, when it is considered that the husband's concealment of assets may be taken into account in determining the property division.

A statute requires that the division of property be just and equitable after consideration of the relevant statutory factors but not necessarily limited to such factors. RCW 26.09.080.[3]

---

[3]The statute reads:

"Disposition of property and liabilities—Factors. In a proceeding for dissolution of the marriage, legal separation, declaration of invalidity, or in a proceeding for disposition of property following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property, the court shall, without regard to marital misconduct, make such disposition of the property and the liabilities of the parties, either community or separate, as shall appear just and equitable after considering all relevant factors including, but not limited to:

"(1) The nature and extent of the community property;

"(2) The nature and extent of the separate property;

"(3) The duration of the marriage; and

"(4) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to a spouse having custody of any children." RCW 26.09.080.

■ The rule is that

> The key to an equitable distribution of property is not mathematical preciseness, but fairness. This is attained by considering all of the circumstances of the marriage, past and present, with an eye to the future needs of the persons involved. Fairness is decided by the exercise of wise and sound discretion not by set or inflexible rules.

(Footnote omitted.) *In re Marriage of Clark,* 13 Wn. App. 805, 810, 538 P.2d 145 (1975). Under previous law, the trial court had wide latitude and discretionary powers in the disposition of the property of the parties. *Edwards v. Edwards,* 47 Wn.2d 224, 226, 287 P.2d 139 (1955). Under the present statute, that discretion is equally broad. *Wilder v. Wilder,* 85 Wn.2d 364, 366, 534 P.2d 1355 (1975).

Although the property award substantially favored the wife, we cannot in this case determine from that fact alone that it was unfair. The trial court obviously concluded that the wife had future need of the house in which to raise the minor child and the statute specifically contemplates that factor being considered in the division of property. RCW 26.09.080(4). See footnote 3. Aside from a parcel of real estate in which the parties owned a half interest (acreage being purchased as an investment which was divided equally between the parties), and the cash assets (which were divided approximately equally between the parties), the family residence was the principal asset of the marital community.

■ Furthermore, in this case the trial court indicated that it believed the husband had concealed assets. The trial court had a right to take that factor into consideration in dividing the property. As held in *Rentel v. Rentel,* 39 Wn.2d 729, 736, 238 P.2d 389 (1951),

> It was the duty of appellant to make a full and fair disclosure of all property, both separate and community, as he had its management and control. The court was not satisfied that he had done so. In such a situation, appellant must not be surprised if the courts take that fact into consideration in making an equitable distribution of property.

The trial court might well have given the husband a lien on the residence for half of its value but chose not to do so. We cannot say, however, that under the facts presented, the trial court abused its discretion in dividing the property of the parties as it did. *Robuck v. Robuck,* 62 Wn.2d 917, 920, 385 P.2d 50 (1963); *In re Melville, supra* at 881.

ISSUE THREE.

■ CONCLUSION. We will not substitute our evaluation as to what constitutes proper child support in a case where, as here, the trial court fixed the award based on all factors having a reasonable bearing on the future welfare of the minor child and the economic circumstances of the parents, including the cost of care, maintenance and education of the child, the resources, earning capacity and economic prospects of the parents and the age and health of the parties. It was not error to require the husband and father to pay $175 per month as child support, to be increased to $200 per month when the child enters high school, and with the support to continue until the child becomes 18, or earlier marries or becomes self–supporting.

With respect to child support, the statute now provides:

> Child support—Apportionment of expense. In a proceeding for dissolution of marriage, legal separation, declaration of invalidity, maintenance, or child support, after considering all relevant factors but without regard to marital misconduct, the court may order either or both parents owing a duty of support to any child of the marriage dependent upon either or both spouses to pay an amount reasonable or necessary for his support.

RCW 26.09.100.

Here it was shown with respect to the minor child that: she was enrolled in a private school in which the tuition was $80 a month; clothes cost about $35 a month; music lessons and rental of her musical instrument was approximately $20 a month; and the child's recreation amounted to some $10 a month. The wife had the responsibility of maintaining the family home for the child, including the

making of monthly house payments and paying for household repairs, food and the other expenses of running a household.

The trial court did not burden the husband with the entire obligation of supporting the daughter, as the husband suggests, since much of the expense of raising the daughter will obviously have to be borne by the wife and paid with money other than that awarded for child support.

The record establishes that the trial court considered all of the relevant factors in awarding child support and that under the circumstances the award was not unreasonable. RCW 26.09.100; *Baker v. Baker,* 80 Wn.2d 736, 742, 498 P.2d 315 (1972). We will not disturb the child support provisions of the decree.

ISSUE FOUR.

■ CONCLUSION. The wife did not make a showing of need as required in order to entitle her to an award of attorneys' fees. The trial court abused its discretion in making such award.

The rule with respect to the award of attorneys' fees in dissolution cases is settled:

> The awarding of attorneys' fees is not an element of a property division. RCW 26.09.140. The amount of attorneys' fees awarded to a wife in a dissolution case rests in the sound discretion of the trial court, which must consider the financial need of the wife and the ability of the husband to pay. *Fite v. Fite,* 3 Wn. App. 726, 479 P.2d 560 (1970).

*In re Melville,* 11 Wn. App. 879, 882, 526 P.2d 1228 (1974). The wife received well over half of the property and slightly more than half of the cash assets. Attorneys' fees will not be allowed when the record establishes that the wife, as here, has the ability to pay. *Bang v. Bang,* 57 Wn.2d 602, 611, 358 P.2d 960 (1961); *Cleaver v. Cleaver,* 10 Wn. App. 14, 22, 516 P.2d 508 (1973).

The dissolution decree is amended to delete the provision requiring the husband to pay $500 toward the wife's attorneys' fees.

As so amended, the decree is affirmed.

SWANSON and CALLOW, JJ., concur.