[No. 6426–6–I. Division One. March 31, 1980.]

*In the Matter of the Marriage of* MARGARET E.
DONOVAN, *Respondent, and* EVERETT J.
DONOVAN, *Appellant.*

---

692

*Edward R. Skone* and *Dodel, Skone, Leonardson & Perkins,* for appellant.

*John I. Weston, Jr., Bruce A. Wolf,.* and *Kargianis & Austin,* for respondent.

DORE, J.—Everett J. Donovan appeals from the trial court's property division and maintenance and child support awards in this dissolution action.

## ISSUES

1. Did the trial court equitably divide the community and separate properties of the parties?

2. Did the trial court err in its award of maintenance to the wife?

3. Did the trial court err in ordering the husband to maintain life insurance for the benefit of his children?

FACTS

Margaret and Everett Donovan were married on April 18, 1964. The husband was employed as an airplane pilot from July 1956 until the time of trial. During the marriage the wife spent the majority of her efforts in the family home caring for the parties' three children.

In April 1976, the parties executed a written agreement which provided that the husband would retain the family home as his separate property, holding the wife harmless from any liabilities. To balance the equities, the agreement further provided that the husband would purchase for his wife's use a new residence, to be her separate property. The husband also agreed to provide an additional $7,000 with which the wife would construct an additional bedroom on her new home.

The husband started participation in the Western Airlines pension plan in 1960, approximately 4 years prior to his marriage. The plan calls for both employee and employer contributions.

The court ordered the husband to pay child support which was made a lien against Donovan's estate. In addition, he was ordered to maintain life insurance, naming his children as primary beneficiaries.

DECISION

ISSUE 1: Property division was fair, just and equitable.

 The husband argues that the trial court erred in its characterization of both the family home and his pension plan. The characterization of property is not what is controlling, but only one of many factors to be considered by the court. *In re Marriage of Melville,* 11 Wn. App. 879, 526 P.2d 1228 (1974); *Worthington v. Worthington,* 73 Wn.2d 759, 440 P.2d 478 (1968). The dispositive question is whether the property division is just and equitable. *Worthington v. Worthington, supra.*

The court awarded the husband the family home for a net equity of $63,500. The court found that $13,000 of that amount represented the separate property of the husband.

He now argues that the entire value of the family home should have been characterized as his separate property pursuant to the agreement (exhibit 8) of the parties. In particular, the husband asserts that the intent of the parties should control. As relating to intent of the parties, paragraph V of that agreement reads as follows:

Both husband and wife further agree that this agreement encompasses only those two parcels of real estate hereinbefore described, and that this agreement in no way is designed to be, or intended to be, or should be construed as, an agreement effecting a full and final settlement of any and all community and/or separate property now owned by said parties and/or any and all rights of said parties.

It was not a manifest abuse of discretion for the trial court to dispose[1] of the two homes pursuant to the separate property contract but recharacterize the homes in a manner inconsistent with that contract. As quoted above, the contract itself stated that the agreement was not intended as a final settlement.

The court awarded the husband the accrued stated gross benefits of $86,685.85, the value of the deferred compensation plan as of December 31, 1976. The contributions of $1,163 which the husband made prior to marriage were characterized as his separate property and the remainder as community property.

The husband argues that RCW 26.16.010 and 26.16.140 each requires that the gross retirement benefits accruing prior to marriage and subsequent to separation be designated as his separate property. We agree. Although in some

---

[1]RCW 26.09.070 authorizes separation contracts which may, *inter alia*, by written agreement, dispose of "any property owned by both or either of them . . ." The trial court did "dispose" of the property in a manner consistent with the written agreement to wit: Mr. Donovan was awarded the family home and Mrs. Donovan was awarded the new home. It is the characterization of those homes that Mr. Donovan appeals from.

cases such a mischaracterization would be reversible error,[2] the circumstances before us do not lead to so dramatic a result.

In a dissolution action the court has before it all the property of the parties, separate as well as community. *Worthington v. Worthington, supra.* The trial court ordered the following division of the Donovans' property and liabilities:

PROPERTY TO THE WIFE:

| | |
|---|---|
| $62,500 | Home purchased pursuant to separate property contract |
| 7,000 | For renovation of home pursuant to contract |
| 1,575 | Delinquent child support payments |
| 5,000 | Cadillac automobile |
| 18,000 | Diamond ring (characterized as wife's separate property) |
| 5,000 | Household goods and furnishings |
| 2,500 | Credit for withdrawal of money |
| 65,000 | Equalizing judgment |
| $166,575 | |

PROPERTY OF THE HUSBAND:

| | |
|---|---|
| $63,500 | Family home ($13,000 characterized as husband's separate property) |
| 86,685 | Pension plan ($1,163 characterized as husband's separate property) |
| 4,200 | Stock in Western Airlines |
| 3,000 | Three vehicles (Jaguar, Karmann Ghia, Jeep) |
| 6,000 | 1/2 interest in Cessna airplane |

---

[2]In *DeRevere v. DeRevere*, 5 Wn. App. 741, 746, 491 P.2d 249 (1971), the court held that one method for dividing one spouse's future retirement benefits "is to award the entire pension to one of the parties, generally the party whose work effort generated the pension, and to award to the other, in lieu of participation in the pension, a sum certain, which may, or may not, be payable over a specified time period." The trial judge in the instant case "considered . . . the matter of the *DeRevere* case regarding the pension . . ."

| | |
|---|---|
| 5,000 | Household goods and furnishings |
| 5,000 | 1/2 interest in a cattle business |
| 4,094 | Husband's Social Security benefits |
| $177,479 | |

DEBTS TO BE PAID BY THE WIFE:

| | |
|---|---|
| $300 | Nordstrom |
| 93 | Oil |
| 100 | Piano lessons |
| 1,375 | Dentist |
| 36 | Doctor |
| 70 | Tennis Club |
| $1,974 | |

DEBTS TO BE PAID BY THE HUSBAND:

| | |
|---|---|
| $12,900 | Mortgage on wife's home |
| 7,000 | For renovation of wife's home |
| 5,225 | Loan |
| 65,000 | Equalizing judgment |
| 4,500 | Wife's attorney fees |
| $94,625 | |

| | | | |
|---|---|---|---|
| Husband's award | $177,479 | Wife's award | $166,575 |
| Less debts | 94,625 | Less debts | 1,974 |
| TOTALS: | $ 82,854 | | $164,601 |

■ At first blush it may appear that the division is inequitable, the wife's award being valued at close to twice that of the husband's award. However, the scales of equity are balanced by the circumstances of the parties. This marriage lasted 14 years during which time three children were born. The husband is a commercial airline pilot and earns a substantial salary. His future, in this regard, is reasonably secure. The wife, on the other hand, is not prepared, without additional training, for entry into the labor market. Even as she trains for future employment she will have to arrange for child care of her youngest child, who was 7 years old at the time of trial. The two older children are young teenagers who require parental supervision, if not

mother's care. Even after training, the wife's salary potential will undoubtedly be less than a third of her husband's present salary.

Upon a full review of the facts and circumstances, we find the property division to be just and equitable. We hold that the trial judge did not abuse his discretion in his division of separate and community property between the parties.

ISSUE 2: Award of maintenance to the wife was fair and equitable.

Donovan was ordered to pay maintenance to his wife of $350 per month for the first 12 months, and $250 per month for the second 12 months. RCW 26.09.090 lists those factors a court should consider in determining whether or not spousal maintenance should be awarded.

The thrust of the husband's argument is that the court failed to consider the "ability of the spouse from whom maintenance is sought to meet his needs and financial obligations while meeting those of the spouse seeking maintenance." RCW 26.09.090(f). He argues that he had no income at the time of trial since he was on an uncompensated medical leave of absence. The court, however, did consider the probability of Donovan's full reinstatement to his pilot's position. It stated that "we all assume that [Mr. Donovan] will return to work very expeditiously, and if not, then we have a different ball game on our hands and you folks are going to be back in court . . ."

The record clearly shows that the court looked at those items statutorily imposed. Specifically the court considered the parties' financial condition, job preparedness, age, duration of marriage, and lifestyle. There is ample support in the record for the court's finding.

ISSUE 3: The trial court erred in ordering the husband to maintain life insurance for the benefit of the children.

The total amount of child support the husband will be required to pay is $92,250 (based on $375 per month per

child) or $98,400 (based on $400 per month per child).[3] These payments were secured by a lien on Mr. Donovan's estate. He also was ordered to maintain life insurance worth $200,000, naming the children as primary beneficiaries. Donovan argues that this would create a windfall for his children in the event he should die before his children reach the age of majority. We agree.

■ A father is not required to make a property division for the benefit of his minor children in addition to support and maintenance. *Riser v. Riser*, 7 Wn. App. 647, 501 P.2d 1069 (1972). The court in *Riser* found that providing life insurance, in addition to a father's obligation to support and maintain his minor children, is a property division. The court continued at page 650:

> This rule does not mean that the support and maintenance obligation may not be secured by a life insurance policy on the life of the father, nor does this mean that in appropriate cases life insurance proceeds may not be made the source from which support and maintenance payment obligations are to be satisfied.

(Citations omitted.) If the father intends to go beyond his legal duty and make a property division in addition to his support and maintenance obligations, his intent "must clearly and unmistakably appear." *Riser v. Riser, supra* at 651.

Such intent on the part of Donovan is nowhere evidenced. The life insurance provision then, must be interpreted as security for the support obligations. To hold otherwise would create a situation where, if Donovan were to die before his children were emancipated, he would be paying his support obligation twice—once through a lien on his estate and the other by way of the insurance policy. "Equity does not compel a person to pay or provide double support for his children." *French v. French*, 74 Wn.2d 708, 712, 446 P.2d 332 (1968).

---

[3]The court ordered that the support payments would increase to $400 per month per child should Mr. Donovan's salary increase to $6,200 per month.

In *Sutherland v. Sutherland,* 77 Wn.2d 6, 459 P.2d 397 (1969), the divorce decree required the husband to maintain life insurance on his life for the benefit of his five minor children. It was defective in that it failed to provide for termination of this obligation. The court remanded the case to modify the decree so as to insure, *inter alia,* that the support obligation be paid only once.

The decree should be modified to provide:

1. That the life insurance policy on the husband's life is a security instrument which, *in conjunction with* the lien on his estate, guarantees the support payments.

2. That in the event of the husband's death prior to complete discharge of his support obligations, the proceeds of the life insurance policy should be credited, first, to unpaid past support payments, second, to the present market value of any future payments, and third, the remainder of such proceeds, if any, be paid to the husband's estate.

We find the remaining assignments of error to be without merit.

CONCLUSION

The judgment should be affirmed as to the property division, wife's maintenance, and child support. However, the judgment shall be remanded to the trial court, and the provision requiring the husband to maintain life insurance on his life in the amount of $200,000 shall be modified in a manner consistent with this opinion.

CALLOW, C.J., and JAMES, J., concur.