[No. 5225–7–III.   Division Three.   November 22, 1983.]

*In the Matter of the Marriage of* JEAN E. ROULEAU, *Appellant, and* JAMES A. ROULEAU, *Respondent.*

*Lawrence Kuznetz, William J. Powell,* and *Powell & Morris,* for appellant.

*Carl Maxey,* for respondent.

McINTURFF, J.—Does a trial court have the authority in a dissolution proceeding to award nominal maintenance,

thereby leaving open the possibility of a modification of that award in the future? In the particular circumstances presented in this appeal, the answer is "no."

Jean and James Rouleau were married to each other twice. The first marriage lasted from 1960 to 1969. They remarried in 1970, and the present petition for dissolution was filed in 1981.

In 1978, James suffered an aneurysm, leaving him disabled. He receives $309 per month disability benefits from his former employer and $704 per month from Social Security. In the dissolution, Jean was awarded custody of the couple's three dependent children, and James was ordered to pay $225 per month child support. The court left open the possibility of future maintenance for James, finding

> [T]he husband has serious physical and emotional problems which will, in all likelihood, prevent him from ever again being able to support himself. His needs are now being met with disability benefits from a private plan and Social Security. The wife does not now have the ability to meet her needs and financial obligations and those of the children while also meeting those of the husband. However, *the court finds that the door should be left open for the husband to apply for increased maintenance should circumstances change in the future. Accordingly, it is appropriate that the wife should be ordered to pay maintenance to the husband in the sum of $1.00 per year until the husband's death or remarriage or until further order of the court.*

(Italics ours.)

The court's reasoning is set forth in its oral opinion:

> Moving on for a moment to the subject of alimony, alimony is based upon need and ability to pay. I'm finding in this case that a need does exist in the permanent disability . . . of the husband. He has a most serious physical and emotional problem . . . and I believe that that—while it does not create a financial need at this moment it creates an underlying need which may become a financial need should the—should something occur in the future. This is a longstanding marriage. It's a marriage that had a small break in the middle, but it is a marriage of many, many years; and that being the case, I

believe that it is important to award alimony in this case. I'm awarding alimony in the amount of $1.00 per year to the husband at this time.

Jean assigns error to the *italicized* portion of the foregoing finding and to the conclusion of law and the part of the decree awarding the nominal maintenance. She contends the award of maintenance is contrary to the law and is contraindicated by the finding that she is financially unable to contribute to James' needs and those needs are presently met by his pensions. She further contends the award is improper because it is based on speculation that James' needs and her financial resources may change, and because it amounts to a guise which allows the trial court to retain jurisdiction over the parties where it ordinarily could not. We reverse.

RCW 26.09.090 provides:

(1) In a proceeding for dissolution of marriage . . ., the court may grant a maintenance order for either spouse. The maintenance order shall be in such amounts and for such periods of time as the court deems just, without regard to marital misconduct, after considering all relevant factors including but not limited to:

(a) The financial resources of the party seeking maintenance . . .;

(b) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find employment . . .;

(c) The standard of living established during the marriage;

(d) The duration of the marriage;

(e) The age, physical and emotional condition, and financial obligations of the spouse seeking maintenance; and

(f) The ability of the spouse from whom maintenance is sought to meet his needs and financial obligations while meeting those of the spouse seeking maintenance.

█ Here, the court's findings and its oral opinion are clear that as of the date of the decree James' financial needs were met by his pensions. RCW 26.09.090(1)(a). The court based its award of $1 per year on James' disability. In

the court's opinion, the disability "creates an underlying need which may become a financial need should . . . something occur in the future." However, the record on appeal[1] does not contain any facts indicating James' financial needs are likely to change in the future. As stated in *Morgan v. Morgan*, 59 Wn.2d 639, 643, 369 P.2d 516 (1962), "a finding of *necessity,* upon which an award of alimony depends, cannot be based upon the conjectural possibility of a future change in circumstances." Consequently, we reverse the trial court's award of nominal maintenance to James as not supported by the findings or the record.

We understand the trial court's concern for James' future needs. But, the law in Washington mandates that a party seeking *maintenance must demonstrate a need for support. Morgan v. Morgan, supra; Kelso v. Kelso,* 75 Wn.2d 24, 27, 448 P.2d 499 (1968). Absent testimony that James will require assistance, we can only speculate about his future needs. *Morgan* forbids this.

Jean also argues that the award is improper because it allows the court to retain jurisdiction over the parties where it ordinarily could not. We have determined the record is insufficient to support an award of nominal maintenance. Therefore, we need not decide whether a reservation of jurisdiction on the question of alimony is ever appropriate; *i.e.,* where the evidence is such that a future change of circumstances is likely.

The cases relied upon by James are distinguishable. *In re Marriage of Donovan*, 25 Wn. App. 691, 697, 612 P.2d 387 (1980) concerned a challenge to the trial court's award of maintenance when the supporting spouse was on an uncompensated medical leave of absence at the time of the decree. The court upheld the award because it was anticipated that the spouse would return to full employment in the near future. Here, there are no facts in the record

---

[1]The only material filed in this court by the parties is a transcription of the court's oral opinion and copies of certain of the clerk's papers. The parties have not filed a verbatim report of the trial.

before us on which the court may anticipate a change in James' needs.

*Hammond v. Hammond,* 26 Wn. App. 129, 611 P.2d 1352 (1980) also has no application to the facts of this case. The distinction between supplemental security income benefits and social security benefits made in *Hammond* was based on the court's interpretation of the specific language used in the parties' divorce decree.

James' other contentions are either unsupported by the record or citation to authority or are directed to aspects of the case which do not affect the basis for our decision. For these reasons, we do not address them.

The judgment of the Superior Court awarding James nominal maintenance is reversed.

GREEN, A.C.J., and EDGERTON, J. Pro Tem., concur.