[No. 25193. Department Two. December 1, 1934.]
CHARLES E. WALLS, *Respondent*, v. ALICE WALLS, *Appellant*.[1]

*Lafe H. Bond* and *Hull & Shropshire,* for appellant.
*Jno. H. Bruff,* for respondent.

BEALS, C. J.—The parties to this action intermarried August 16, 1920, plaintiff being then fifty-eight years of age and defendant approximately twenty years younger. After thirteen years of married life, plaintiff sued for a divorce, alleging that defendant had treated him cruelly. Defendant cross-complained, asking that a divorce be awarded her upon the same ground. The court, after a hearing, by an appropriate order, awarded a divorce to each of the parties, and, there being no children to be considered, apportioned the property between them. After quieting defendant's title to some real property which defendant owned in her separate right, and awarding to her personal property in which the community had an interest, the court set over to plaintiff the vendors' inter-

[1] Reported in 38 P. (2d) 205.

est in a contract for the sale of real estate and some tools, etc., of small value; the interlocutory order then provided:

". . . that the defendant shall pay to the plaintiff for his care and maintenance the sum of $1,260, without interest and in monthly installments of $35 per month, commencing on the 1st day of November, 1933; and it is further ORDERED that the balance remaining unpaid at the death of said plaintiff, if any, shall be paid to said plaintiff's heirs, personal representatives, or assigns. Said amount to be a lien against the property set aside to defendant."

The court also directed that defendant pay two hundred fifty dollars on account of fees due plaintiff's attorney, each party to pay his own costs, save as to this allowance.

From this interlocutory order, defendant has appealed to this court.

Appellant assigns error upon the award to respondent of the sum of $1,260, and upon the order directing her to pay two hundred fifty dollars on account of respondent's attorneys fees, both of these awards having been made liens upon the property awarded to her.

Appellant contends that, under the laws of this state, the court has no authority to require the wife to pay to the husband permanent alimony or maintenance, and that the portion of the order of which she complains falls within this classification. It appears that appellant, prior to her marriage to respondent, was possessed of some real estate, and that, at the time of the trial, the parties owned some community property. Appellant argues that it should be held that the first portion of the interlocutory order awarding certain property to appellant and other property to respondent must be held to finally determine the property rights of the parties, and that the court could not thereafter make such an award to respondent as it did

in the portion of the order above quoted, which portion of the order it is argued goes beyond the findings of fact.

With this contention, we are unable to agree. Considering the order as a whole, it clearly appears that the portion thereof of which appellant complains is an integral part of the property division made by the court. The payment of the $1,260 is made absolute, and shall continue in case of respondent's death for the benefit of his "heirs, personal representatives, or assigns." The fact that the order recites that the award is for respondent's care and maintenance does not require a holding that this particular portion of the decree attempts to award alimony to respondent. These words are not conclusive, and can not be held to contradict the manifest intent of the award considered as a portion of the interlocutory order.

It is evident that it was difficult to equitably adjust the property rights of the parties. Respondent was old, and certainly in the marital life of the parties was as much sinned against as sinning. Unfortunately, the property before the court was not capable of absolute segregation and division. The parties were both before the court asking for relief, and the court had jurisdiction to apportion the property as justice and equity required.

The findings of fact and conclusions of law are, to some extent, inconsistent. The court found that appellant had a separate interest and that the parties had a community interest in certain household goods worth five hundred dollars and in an automobile, while in the conclusions of law it is stated that appellant owned household goods and furnishings and the automobile in her sole and separate right. By the interlocutory order, these items were awarded to appellant.

We are satisfied that it appears from the record that the property of the parties was before the court for apportionment, that the award to respondent is not alimony, but is a part of the division of the property of the parties made by the court, that the order in respondent's favor for the payment of attorney's fees falls within the same category, and that the order appealed from should be affirmed. It is so ordered.

MITCHELL, HOLCOMB, STEINERT, and BLAKE, JJ., concur.