[No. 189-3.    Division Three.    February 23, 1971.]

SUSAN EVELYN STARTIN, *Appellant*, v. RALPH E. STARTIN, *Respondent.*

*Murray E. Taggart*, for appellant.

*Keith O. Yates*, for respondent.

PER CURIAM.—Susan and Ralph Startin were married in 1949. In 1969 divorce proceedings were instituted. Upon hearing evidence the trial court granted a divorce to both parties and made a division of their separate and community property. Mrs. Startin was awarded approximately $16,000 in real and personal property and money. Additionally, she was granted a $5,000 interest in the ranch included in Mr. Startin's award, which interest was secured by a lien payable upon the sale of the ranch or the death of Mr. Startin. Mr. Startin received approximately $37,000 worth of similar items. Mrs. Startin appeals.

Error is assigned to: the trial court's property division; its failure to award appellant attorney's fees and costs; and the denial of her motion for a new trial upon the property division.

■ ■ The division of property, the awarding of attorney's fees and costs, and the granting of a new trial not involving issues of law lie within the sound exercise of the trial court's discretion and its rulings thereon will not be overturned except for a manifest abuse of such discretion. The property "valuations" which appellant attempts to place before this court are not supported by the record and may not be considered in reviewing the trial court's decision. Disregarding, as we must, appellant's alleged "valuations" we find no abuse of the discretion exercised by the trial court in its award. *Rehak v. Rehak*, 1 Wn. App. 963, 465 P.2d 687 (1970). Contrary to appellant's contention, RCW 26.08.190 does not require the granting of attorney's fees and costs to the wife. Appellant's yearly income from her employment closely approximated Mr. Startin's income from the ranch, *i.e., circa* $3,000. Furthermore, appellant received a fairly large cash award under the property division. As a result she was in a position to pay her attorney's fees and costs. As for the denial of the new trial motion, appellant does not argue with any particularity the presence of a ground under CR 59 which would

warrant this court's reversal of the trial court's order; nor has she shown any abuse of the trial court's discretion.

Judgment affirmed.