[No. 632-3.    Division Three.    February 21, 1974.]

WILMA N. DREYER, *Appellant*, v. ROBERT G. DREYER, *Respondent.*

*John O. McLendon* (of *McLendon & Voermans*), for appellant.

*Robert E. Anderson*, for respondent.

MUNSON, J.—Plaintiff, Wilma N. Dreyer, appeals from

that portion of a decree of divorce relating to property division and alimony. The dissolution of the marriage is not challenged.

Mr. and Mrs. Dreyer were married in 1948 and had one child during the marriage. The defendant, Robert G. Dreyer, after marriage, became educated as a chiropractor and opened a clinic in the city of Spokane. The family residence was included in the clinic building. The plaintiff worked at various jobs prior to the establishment of the clinic and, after its establishment, worked almost full time with her husband.

At one hearing in this proceeding, the parties agreed to a property settlement. However, prior to the entry of the decree, the wife disagreed with that settlement, and after changing attorneys, sought and obtained a further hearing. Testimony was later taken, the court gave its oral ruling and subsequently entered findings of fact, conclusions of law, and a decree of divorce. Plaintiff and defendant were both awarded certain items of personal property. Defendant was awarded the only community real property, the chiropractic clinic and residence. The court specifically found an excess of total assets over total liabilities in the approximate sum of $23,000. The court concluded that "in lieu of any division of the community assets, . . ." (namely the real property), the court would award to plaintiff wife "solely for and as alimony, the sum of $19,200.00, payable at the rate of $300.00 per month . . ." This latter award is the primary issue challenged by defendant due to the entwinement of this award and the total division of property.

Since no findings of fact have been set forth verbatim in appellant's brief, they must be, and are, accepted as verities on appeal. *Snohomish County Builders Ass'n v. Snohomish Health Dist.*, 8 Wn. App. 589, 508 P.2d 617 (1973); *Mayo v. Jones*, 8 Wn. App. 140, 505 P.2d 157 (1972); *Union Bank v. Kruger*, 1 Wn. App. 622, 463 P.2d 273 (1969); CAROA 42 and 43.

The issues before this court, properly phrased, are as follows: (1) Is the conclusion of law awarding plaintiff $19,200, solely for and as alimony and in lieu of any division of community assets, supported by law and by the findings of fact? (2) Did the court make a just and equitable distribution of community property?

There is no finding awarding an interest in the community assets of $23,000 to the plaintiff. RCW 26.08.110 directs that a decree shall make "such disposition of the property of the parties, either community or separate, as shall appear just and equitable." On the face of the documents it would appear there has been no such disposition, at least if the $19,200 award to plaintiff is treated as alimony separate from any property division.

Defendant contends the total distribution of property was just and equitable; he asserts the court is permitted to make an award of alimony in lieu of property settlement.

> With reference to the property, the record shows that it was badly encumbered, and otherwise of such a nature that it could not be divided without lessening its value. In such a case, it is proper for the court to award the property to the husband, and charge the husband with the duty of paying alimony to the wife.

*Powell v. Powell*, 66 Wash. 561, 564, 119 P. 1119 (1912). In *In re Cave*, 26 Wash. 213, 66 P. 425 (1901), the court stated at page 217:

> So also it will be readily seen that a wide discretion is given to the trial court to distribute the *property of the parties*. There are no restrictions upon the court as to the manner of such disposition. It may be disposed of in a lump sum, or by installments monthly or otherwise, and subsequently reduced to a lump sum, . . . This method of disposing of the property of the parties, call it alimony or whatever name you will, has been recognized by this court in a number of cases: . . .
>
> . . . .
>
> In all these cases the rule was distinctly recognized that the court should make such disposition of the property as might appear just, and whether it was denomi-

nated alimony or division of the property, the effect was the same.

■■ We perceive, however, a change in attitude in the court since that time. In *Herrett v. Herrett*, 80 Wash. 474, 477-78, 141 P. 1158 (1914), the court in discussing alimony stated:

> When husband and wife have come to the divorce court and measured their shattered bonds in money, the law will not longer treat the relation as one of sentiment. It must be measured by the necessities of the one party and the ability of the other to meet that necessity (*Holcomb v. Holcomb*, 53 Wash. 611, 102 Pac. 653); assuming, of course, that the one receiving the alimony is entitled to demand it, under all the attending facts and circumstances.

The trend appears to be toward separating the aspect of a property division and alimony. Alimony is now dependent upon the need of the wife and the financial ability of the husband. *Baker v. Baker*, 80 Wn.2d 736, 498 P.2d 315 (1972); *Friedlander v. Friedlander*, 80 Wn.2d 293, 494 P.2d 208 (1972); *Mayo v. Mayo*, 75 Wn.2d 36, 448 P.2d 926 (1968); *Kelso v. Kelso*, 75 Wn.2d 24, 448 P.2d 499 (1968); *Holloway v. Holloway*, 69 Wn.2d 243, 417 P.2d 961 (1966); *Morgan v. Morgan*, 59 Wn.2d 639, 369 P.2d 516 (1962); *Murray v. Murray*, 26 Wn.2d 370, 174 P.2d 296 (1946); *Cleaver v. Cleaver*, 10 Wn. App. 14, 516 P.2d 508 (1973).

The time has passed when you can say alimony may be given merely in lieu of any property division. As stated in *Friedlander v. Friedlander, supra* at 297:

> Alimony is not a matter of right. . . . It is based upon *two* factors: (1) the necessities of the wife *and* (2) the financial ability of the husband to pay. . . . The maintenance of a lifestyle to which one has become accustomed is not a test of *need*. . . . [Citations omitted.]

*Cf. Fite v. Fite*, 3 Wn. App. 726, 479 P.2d 560 (1970).

The award to plaintiff of $19,200 "solely for and as alimony," "in lieu of any division of the community assets" therefore was improper as literally worded. That award also

cannot be affirmed strictly as an award of alimony. As previously stated, alimony cannot be awarded unless justified by the necessities of the wife and the financial ability of the husband to pay and unless there are findings of fact entered to that effect. There were no findings of fact concerning the necessities of the wife or the ability of the husband to pay entered in this case.

Our review of the entire record convinces us that the court intended the $19,200 as a property division award to the plaintiff and merely mis-spoke, calling it alimony. If the $19,200 is considered as alimony, the $23,000 of net community assets, which was represented by the equity in the clinic and residence, was given to defendant husband as a property award without any compensating award to the plaintiff wife. Furthermore, the $19,200 award, if treated as alimony, was clearly unsupported by the findings of fact and the record. For these reasons we conclude that the court did in fact intend that $19,200 award to plaintiff to be a property division award, not an alimony award, as it was named.

There are instances in which the court has held that no magic exists in the mere mention of the words alimony, property settlement or child support. *Brantley v. Brantley,* 54 Wn.2d 717, 344 P.2d 731 (1959); *Decker v. Decker,* 52 Wn.2d 456, 326 P.2d 332 (1958); *Kinne v. Kinne,* 7 Wn. App. 350, 498 P.2d 887 (1972). It is clear that merely using the word "alimony" does not necessarily require that the award be so treated. *Thompson v. Thompson,* 82 Wn.2d 352, 510 P.2d 827 (1973); *Walls v. Walls,* 179 Wash. 440, 38 P.2d 205 (1934). The court in *Thompson* stated at page 356 as follows:

> Whether future payments . . . are alimony or a property division depends upon the circumstances and the intent of the parties. *Millheisler v. Millheisler, supra.* [43 Wn.2d 282, 261 P.2d 69 (1953)] If an ambiguity exists, the contract should be given a construction which makes it a rational and probable agreement, if it is open to such a construction. *Messersmith v. Messersmith, supra.* [68 Wn.2d 735, 415 P.2d 82 (1966)]

In *Walls v. Walls, supra,* the court held a monthly payment award to plaintiff, designated for his "care and maintenance" to be a part of the property division, stating at page 442 as follows:

> The fact that the order recites that the award is for respondent's care and maintenance does not require a holding that this particular portion of the decree attempts to award alimony to respondent. These words are not conclusive, and can not be held to contradict the manifest intent of the award considered as a portion of the interlocutory order.

As stated above, we believe the circumstances show the court intended the $19,200 award to plaintiff to be a property division, rather than an alimony award. We direct that the award be treated in those terms, noting our power to correct a decree in those areas where it appears appropriate to do so without further trial. *Edinger v. Edinger,* 67 Wn.2d 198, 406 P.2d 959 (1965). When so treated, the entire division of the property was just and equitable as required by RCW 26.08.110.

The decree is affirmed in accordance with the above opinion.

GREEN, C.J., and McINTURFF, J., concur.