[No. 4104–1.   Division One.   June 20, 1977.]

*In the Matter of the Marriage of* GENEVIEVE L. MONKOWSKI, *Respondent, and* THOMAS MONKOWSKI, *Appellant.*

*McCann, Hoover & Lind* and *Fred N. Hoover,* for appellant.

*Lasher, Johnson & Sweet, Inc.,* and *G. Michael Sweet,* for respondent.

PER CURIAM.—Thomas Monkowski appeals from a decree of dissolution which terminated the parties' 33-year marriage. His appeal questions the award for maintenance and attorney's fees to his former wife as well as the division of property.

He argues that the division of property was not "equitable" and should be reversed. The question on appeal, however, is not whether this court believes the division to be equitable. We will not substitute our judgment for that of the trial court. Our review of the trial court's division of property is limited to a determination of whether the division is a "manifest abuse" of discretion. *Startin v. Startin,* 4 Wn. App. 339, 340, 481 P.2d 452 (1971).

Here, the record reflects a careful and reasonable consideration of appropriate factors as required by RCW 26.09.080. The fact that the dollar value of Genevieve Monkowski's portion of the property division is larger than her former husband's does not necessarily render the division inequitable. *Cleaver v. Cleaver,* 10 Wn. App. 14, 516 P.2d 508 (1973).

Error is also assigned to the award of $2,000 to the wife for attorney's fees. It is alleged that the trial court's evaluation of the "financial resources of both parties" was erroneous and the award therefore exceeded its jurisdiction. *See Cleaver v. Cleaver, supra.*

The award of attorney's fees in a dissolution action rests in the sound discretion of the trial court, which must consider the financial need of the wife and the ability of the husband to pay. *Fite v. Fite,* 3 Wn. App. 726, 479 P.2d 560 (1970).

*In re Marriage of Melville,* 11 Wn. App. 879, 882, 526 P.2d 1228 (1974). We have reviewed the record. It reflects a husband capable of paying $2,000 in attorney's fees and a wife with financial resources "at the time the action was commenced," *Fite v. Fite,* 3 Wn. App. 726, 736, 479 P.2d 560 (1970), which support the trial court's award. Further, the parties' financial position following the division of property is not inconsistent with the court's award. The division provided the husband with a successful income–producing family business and the wife with little investment security other than that which she could wisely procure with the cash award.

Finally, error is assigned to the award of maintenance to the wife. The court concluded:

Wife shall be awarded reasonable maintenance. Reasonable maintenance is the sum of $1,000 per month for a period of ten years. Husband shall pay to wife maintenance of $1,000 per month for the next ten years commencing in September of 1975.

Conclusion of law No. 7. The finding of fact which allegedly supports that conclusion is couched in identical conclusory language. Findings of fact must glean from the record the pertinent facts of the case and thereby resolve conflicting evidence; they must apprise a reviewing court of the legal theories pursued, *Mayes v. Emery,* 3 Wn. App. 315, 321, 475 P.2d 124 (1970), and must support the conclusions of law.

RCW 26.09.090 provides that the following factors must be considered by the court in determining the need for maintenance and the amount and duration of any award:

(a) The financial resources of the party seeking maintenance, including separate or community property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(b) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find employment appropriate to his skill, interests, style of life, and other attendant circumstances;

(c) The standard of living established during the marriage;

(d) The duration of the marriage;

(e) The age, physical and emotional condition, and financial obligations of the spouse seeking maintenance; and

(f) The ability of the spouse from whom maintenance is sought to meet his needs and financial obligations while meeting those of the spouse seeking maintenance.

The findings of fact are insufficient for us to determine whether these factors were considered and, if they were, upon what facts the court based its conclusions. We therefore remand for entry of those factual findings.

Affirmed in part and remanded.

Petition for rehearing denied September 28, 1977.