[No. 2278–2. Division Two. October 5, 1977.]

*In the Matter of the Marriage of* JEAN L. RINK, *Respondent, and* LEO N. RINK, *Appellant.*

550

*F. Curtis Hilton,* for appellant.

*Richard C. Cohan,* for respondent.

PEARSON, C.J.—Leo Rink appeals from the trial court's division of property in a marital dissolution on the ground

that the court abused its discretion by awarding two-thirds of the community property to Jean Rink, and one-third to him. Finding no abuse of discretion, we affirm the trial court's disposition of the property.

The parties were granted a dissolution in 1976, after 24 years of marriage. The trial court awarded Jean Rink custody of the minor child, child support of $125 per month, maintenance of $200 per month for 12 months, and attorney's fees of $350.

The community property was divided by allowing Jean Rink assets having a net value of $32,241.45, including the family home. Leo Rink was awarded assets with a net value of $15,971.13, including a lien of $12,500 on the family home.

At the time of trial, Jean Rink was 45 years old. She was in apparent good health, although she had suffered the loss of an eye. She had not been employed with any regularity outside the home during the previous 15 to 17 years. She had a high school education, but the trial court found that she had no vocational training or skills.

Leo Rink was 47 years old and in good health, except for a bad knee. He had been a truck driver since 1961 and earned in excess of $900 per month. Including overtime, his gross income for the years immediately preceding dissolution was $14,199.10 (1974) and $17,520.69 (1975).

RCW 26.09.080 states that a trial court must dispose of the marital property in whatever manner "shall appear just and equitable after considering all relevant factors". Relevant factors include the four factors listed in the statute plus any, or all, of the following: the needs and financial ability of the parties; the age, health, education, employment history, and future earnings of both parties and their children; the sources and dates of acquisition of all property accumulated by the parties during marriage; and what properties each brought into or contributed to the community property. *Baker v. Baker*, 80 Wn.2d 736, 746, 498 P.2d 315 (1972). *See also* Comment, *Property Dispositions in Dissolution Proceedings: The Criteria in Washington*, 12

Gonz. L. Rev. 492 (1977); Reike, *The Dissolution Act of 1973: From Status to Contract?*, 49 Wash. L. Rev. 375, 403–05 (1974).

Leo Rink argues that the trial court abused its discretion by not awarding him the family home or a larger lien because of the services he contributed toward construction and improvement of the house. While the services of one spouse may be a factor deserving consideration in any equitable division of marital property, *Edwards v. Edwards*, 47 Wn.2d 224, 287 P.2d 139 (1955), the person contributing the services has no superior equity. The trial court's oral opinion indicates that the services contributed by Mr. Rink were considered, but that the economic circumstances of respondent were more compelling. The trial court did not abuse its discretion by giving Mr. Rink a $12,500 lien only.

Secondly, Mr. Rink asserts that the trial court "stacked" the property in favor of Jean Rink in lieu of granting more maintenance. He buttresses his assertion by pointing to a remark made by the trial court during a hearing on a motion for a new trial which occurred 2 months after the court announced its oral decision. In denying the motion, the court said, "it is perfectly normal to stack property on one side, and . . . by stacking the property on one side either eliminate completely alimony or at least severely limit it."

Leo Rink argues that the trial court does not have the discretion to make an unequal division of the property, with the thought in mind that it will then reduce the maintenance award to the party receiving the larger share of the property. He would require the trial court to dispose of the property using criteria completely independent of the factors used to determine the award of maintenance. He contends that the disposition of property cannot be influenced by amount of maintenance granted and vice versa.

A careful reading of RCW 26.09.090 reveals that the trial court is not only permitted to consider the division of property when determining maintenance, but it is required

to do so. Likewise, the trial court, when dividing the property, may take into account the amount of maintenance it intends to grant. RCW 26.09.080. There is no requirement in the statute or case law that the trial court isolate one determination from the other. To hold otherwise would frustrate the wide discretion which this statute gives to the trial courts. *Wilder v. Wilder,* 85 Wn.2d 364, 366, 534 P.2d 1355 (1975).

> The key to an equitable distribution of property is not mathematical preciseness, but fairness. This is attained by considering all of the circumstances of the marriage, past and present, with an eye to the future needs of the persons involved. Fairness is decided by the exercise of wise and sound discretion not by set or inflexible rules.

(Footnote omitted.) *In re Marriage of Clark,* 13 Wn. App. 805, 810, 538 P.2d 145 (1975).

Leo Rink contends that this wide discretion is limited by *Dreyer v. Dreyer,* 10 Wn. App. 624, 627, 519 P.2d 12 (1974), wherein the court stated: "The time has passed when you can say alimony may be given merely in lieu of any property division." We think, however, that Mr. Rink has misconstrued the *Dreyer* dictum and that *Dreyer* has no application to this case.

In *Dreyer,* the trial court gave all the property to the husband and awarded substantial maintenance to the wife. The court's *only* reason for awarding maintenance was that it was "in lieu of" any property division. The Court of Appeals, in modifying the decision, stated that the trial court must consider the required factors and make appropriate findings of fact before it can divide the property and award maintenance. *See also Garrett v. Garrett,* 67 Wn.2d 646, 409 P.2d 470 (1965). The *Dryer* court did not say that the manner in which the property was divided could not be a factor in determining maintenance, it said only that it cannot be the sole factor. *See also In re Marriage of Monkowski,* 17 Wn. App. 816, 565 P.2d 1210 (1977). There is no

requirement that the trial court completely compartmentalize its decision–making process when disposing of marital property and awarding maintenance.

There is no indication in this case that the trial court divided the property solely on the ground that Jean Rink would receive a small amount of maintenance. It is apparent from the court's oral decision and the findings of fact that the court adequately considered all the relevant factors. The court recognized the disparity in job skills and income potential of the two parties and gave great weight to the specific consideration set forth in subsection (4) of RCW 26.09.080, *viz.*, the economic circumstances of each spouse at the time the division of property became effective, including the desirability of awarding the family home to Jean Rink because she had custody of the minor child.

■ Thus, it cannot be said that the court's discretion was "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 26, 482 P.2d 775 (1971). Nor can it be said that no reasonable man would take the view adopted by the trial court. *Davis v. Davis,* 13 Wn. App. 812, 813–14, 537 P.2d 1048 (1975). *See also In re Marriage of Nicholson,* 17 Wn. App. 110, 561 P.2d 1116 (1977) (where the court held no abuse of discretion under almost identical facts).

The order disposing of the property and awarding maintenance to Jean Rink is affirmed.

PETRIE and REED, JJ., concur.