
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 68541-4-I |
| | ) | |
| JOHNNY CLARK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BRENDA CLARK, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: November 17, 2014 |
| | ) | |

VERELLEN, J. — Johnny Clark appeals a dissolution decree, parenting plan, and order of child support. Because his arguments on appeal are both procedurally and substantively flawed, we affirm.

## FACTS

The parties married in 2007 and divorced in 2012. They have two children, Johnny and Marley. Both parents have children from other relationships.

In February, 2012, the parties represented themselves during a four-day trial. The court ultimately entered a decree of dissolution, a parenting plan, and an order of child support. The parenting plan provides that the children will generally reside with Brenda during the week and with Johnny according to a schedule. The child support order states that Johnny's monthly net income is $4,742.04 and Brenda's is $2,502.00. The order requires Johnny to pay a standard calculation transfer payment of $1,026.45 per month.

The order states that no deviation was requested. The court ordered Johnny to pay Brenda $2,713 in attorney's fees and costs.

Johnny, appearing pro se, appeals. Brenda also appears pro se but elected not to file a responsive brief.

## DECISION

The law does not distinguish between litigants who choose to proceed pro se and those who seek assistance of counsel.[1] Both must comply with applicable procedural rules, and failure to do so may preclude review.[2] We generally will not consider arguments that are unsupported by pertinent authority, references to the record, or meaningful analysis.[3]

Clark has failed to comply with most of these requirements. His brief contains limited citations to authority and the record and little, if any, meaningful analysis. Under the authorities cited above, these deficiencies are fatal. Nevertheless, to the extent possible, we have considered the essence of his claims and conclude they lack merit.

Clark contends the court erred in calculating his child support obligation because it used the two-child table rather than the four-child table in RCW 26.19.020. The result, he concludes, was a deviation from the presumptive child support amount without any

---

[1] In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

[2] Id.; State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999).

[3] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (arguments not supported by authority); State v. Elliott, 114 Wn.2d 6, 15, 785 P.2d 440 (1990) (insufficient argument); Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989) (issues unsupported by adequate argument and authority); State v. Camarillo, 54 Wn. App. 821, 829, 776 P.2d 176 (1989) (no references to the record), aff'd, 115 Wn.2d 60 (1990); RAP 10.3(a); see also Story v. Shelter Bay, 52 Wn. App. 334, 345, 760 P.2d 368 (1988) (appellant has the burden to provide a record sufficient to review issues raised on appeal).

findings or reasons for doing so. The court used the correct table.

Under RCW 26.19.011(1), the basic child support obligation is "determined from the economic table based on the parties' combined income and the number of children for whom support is owed." The "children" referred to in this statute are the children who comprise the parties' family, not the parties' children from other relationships.[4] Children from the parties' other relationships are governed by RCW 26.19.075(1)(e), which permits the court to grant a downward deviation from the support schedule "when either or both of the parents before the court have children from other relationships to whom the parent owes a duty of support." Because the parties' family consisted of two children, Marley and Johnny, the trial court properly used the two-child table to determine the basic support obligation.

Clark next contends the trial court violated RCW 26.19.075[5] because it allegedly set the support amount "without knowing what existing [support] orders were in place at that time or the amount ordering the Father to pay on behalf of other children from previous relationships."[6] This claim is not supported by the record.

Financial source documents before the trial court showed Clark's recent history of child support payments to the mothers of his four children. The court stated that it considered that "Mr. Clark has other obligations to other children as well."[7] The court not

---

[4] RCW 26.19.075(1)(e)(i) ("The child support schedule shall be applied to the mother, father, and children *of the family before the court.*") (emphasis added); (ii) ("Children from other relationships shall not be counted in the number of children for purposes of determining the basic support obligation and the standard calculation.").

[5] RCW 26.19.075 provides "Standards for deviation from the standard calculation." As noted infra, the court's support order contains unchallenged findings that a deviation was neither requested nor imposed.

[6] Appellant's Br. at 3.

[7] Clerk's Papers at 877.

only recognized those obligations but deliberately "did not include [Clark's] Army Reserve income in its calculation of child support for Johnny Jr. and Marley" in order to account for his obligation "to pay child support for two other children from prior relationships."[8] The record thus belies Clark's claim.

Clark also contends "[t]he trial court erred when it did not enter written finding[s] of fact based upon a request for child support deviation when entering the order of child support."[9] But Clark fails to point to anything in the record evidencing a request for a deviation. Nor does he assign error to paragraphs 3.7 and 3.8 of the child support order, which state, respectively, "The child support amount . . . does not deviate from the standard calculation" and "[a] deviation was not requested."[10]

Clark assigns error to the court's failure "to include parents' birthdays, religious [h]olidays and other [s]pecial [o]ccasions for residential time in the final order in conflict with its oral ruling."[11] This assignment of error need not be considered since it is not supported by argument or authority.[12] To the extent Clark claims a variance between the court's oral and written decisions, we note that an oral ruling "has no final or binding effect, unless formally incorporated into the findings, conclusions, and judgment."[13]

Clark contends the child support order should be vacated because Brenda allegedly did not provide information regarding the income of her new spouse as required

---

[8] Id. at 879.

[9] Appellant's Br. at 3.

[10] Clerk's Papers at 530.

[11] Appellant's Br. at 3.

[12] RAP 10.3(a)(6); Raum v. City of Bellevue, 171 Wn. App. 124, 149, 286 P.3d 695 (2012).

[13] DGHI Enterprises v. Pacific Cities, Inc., 137 Wn.2d 933, 944, 977 P.2d 1231 (1999).

by RCW 26.19.075(1). But the cited statute concerns standards for deviating from the standard calculation and allows a court to consider a new spouse's income "if the parent who is married to the new spouse . . . is asking for a deviation based on any other reason."[14] Clark does not allege that Brenda requested a deviation and, as noted above, the court's order expressly states that no deviation was requested. Clark also fails to direct this court to any evidence in the record establishing that Brenda has a new spouse living in her home or that the spouse has income.

Finally, Clark assigns error to the court's award of attorney's fees to Brenda "without determining the father's ability to pay."[15] Again, he provides no argument or authority supporting this assignment of error. Nor does it appear that he preserved this issue for appeal by objecting to the imposition of fees below.[16] Clark fails to demonstrate an abuse of discretion.[17]

Affirmed.

WE CONCUR:

---

[14] RCW 26.19.075(1)(a)(i).

[15] Appellant's Br. at 3.

[16] RAP 2.5(a).

[17] An award of attorney's fees in a dissolution action rests in the sound discretion of the trial court. Marriage of Monkowski, 17 Wn. App. 816, 818, 565 P.2d 1210 (1977).