IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of | No. 80988-1-I |
| LAURIE SMITH, | |
| Respondent, | DIVISION ONE |
| and | |
| CHRISTOPHER A. SMITH, | UNPUBLISHED OPINION |
| Appellant. | |

CHUN, J. — Christopher Smith appeals a parenting plan designating Laurie Smith as the primary residential parent of their children, arguing the trial court did not properly analyze the factors in RCW 26.09.187. He challenges the spousal maintenance award to Laurie,[1] contending the trial court failed to consider the statutory factors in RCW 26.09.090. Lastly, Christopher asserts the trial court erred in determining when he should begin paying child support. The trial court's findings of fact and conclusions of law do not suffice for us to determine the basis for its parenting plan, maintenance, and child support decisions.[2] We thus remand so the trial court may enter more specific findings and conclusions.

---

[1] For clarity, we refer to the Smiths by their first names and intend no disrespect. We also note Laurie has not filed a brief or responded to this court's notices. Thus, we deem the case ready for determination on the merits without a respondent's brief.

[2] We note that the record does not include a transcript of the oral ruling. While such a ruling lacks any "final or binding effect, unless formally incorporated into the findings, conclusions, and judgment," Ferree v. Doric Co., 62 Wn.2d 561, 567, 383 P.2d 900 (1963), its absence affects our ability to review the issues raised on appeal.

Citations and pin cites are based on the Westlaw online version of the cited material.

## I. BACKGROUND

Christopher and Laurie married in 2005 and had three children together. Laurie petitioned for dissolution in 2018.

Trial took place in October 2019 and the court heard testimony from both parties and a guardian ad litem and considered over 50 exhibits.

The trial court announced its oral ruling in November 2019 and entered these orders in December 2019: findings and conclusions about a marriage, final parenting plan, child support order, and final divorce order. Christopher moved to stay the final orders and for reconsideration, which motions the trial court denied. Christopher appeals.

## II. ANALYSIS

We review a trial court's rulings concerning a parenting plan, spousal maintenance award, and order of child support for abuse of discretion. In re Marriage of Katare, 175 Wn.2d 23, 35, 283 P.3d 546 (2012) (parenting plan); In re Marriage of Zahm, 138 Wn.2d 213, 226, 978 P.2d 498 (1999) (spousal maintenance); In re Marriage of Fiorito, 112 Wn. App. 657, 663, 50 P.3d 298 (2002) (child support).

Trial courts "must make findings of fact and conclusions of law sufficient to suggest the factual basis for the ultimate conclusions." In re Marriage of Lawrence, 105 Wn. App. 683, 686, 20 P.3d 972 (2001); CR 52(a).[3] The purpose

---

[3] CR 52(a)(1) states: "In all actions tried upon the facts without a jury . . . the court shall find the facts specially and state separately its conclusions of law." This rule also provides: "Without in any way limiting the requirements of subsection (1), findings and conclusions are required: . . . (B) Domestic relations. In connection with all final

of findings of fact and conclusions of law is to insure the trial court "'has dealt fully and properly with all the issues in the case before [the court] decides it and so that the parties involved and this court on appeal may be fully informed as to the bases of [the court's] decision when it is made.'" In re Detention of LaBelle, 107 Wn.2d 196, 218, 728 P.2d 138 (1986) (quoting State v. Agee, 89 Wn.2d 416, 421, 573 P.2d 355 (1977)). Here, the trial court's written findings do not suffice for us to determine the factual basis for its decisions.

The trial court made a single finding in the parenting plan: "The Court adopts the statements in section 3 (Reasons for putting limitations on a parent) as its findings."[4] When making residential placement decisions, the trial court must analyze the following factors:

(i) The relative strength, nature, and stability of the child's relationship with each parent;

(ii) The agreements of the parties, provided they were entered into knowingly and voluntarily;

(iii) Each parent's past and potential for future performance of parenting functions as defined in RCW 26.09.004(3), including whether a parent has taken greater responsibility for performing parenting functions relating to the daily needs of the child;

(iv) The emotional needs and developmental level of the child;

(v) The child's relationship with siblings and with other significant adults, as well as the child's involvement with his or her physical surroundings, school, or other significant activities;

---

decisions in adoption, custody, and divorce proceedings[.]" CR 52(a)(2)(B); see also RCW 26.09.010(1) ("the practice in civil action shall govern all proceedings under this chapter, except that trial by jury is dispensed with").

[4] In Section 3 of the parenting plan, the trial court found no reason to place any RCW 26.09.191 limitation on either parent because they did not have any problems with "[a]bandonment, neglect, child abuse, domestic violence, assault, or sex offense," nor had "[o]ther problems that may harm the children's best interest."

3

(vi) The wishes of the parents and the wishes of a child who is sufficiently mature to express reasoned and independent preferences as to his or her residential schedule; and

(vii) Each parent's employment schedule, and shall make accommodations consistent with those schedules.

Factor (i) shall be given the greatest weight.

RCW 26.09.187(3)(a); In re Marriage of Littlefield, 133 Wn.2d 39, 51-52, 940 P.2d 1362 (1997). The trial court's written findings do not reflect an application of these statutory factors.

In awarding spousal maintenance, the trial court noted that "[s]pousal support was requested" and stated, "[s]pousal support should be ordered because: the Petitioner [sic] has the ability to pay and the Respondent [sic] is in need of spousal support. This finding is based upon the following factors[,]" at which point the six factors in RCW 26.09.090(1)(a)-(f) are listed. While "[n]othing in RCW 26.09.090 requires the trial court to make specific factual findings on each of the factors listed in RCW 26.09.090(1)[,]" In re Marriage of Mansour, 126 Wn. App. 1, 16, 106 P.3d 768 (2004), it is an abuse of discretion when an award does not evidence a fair consideration of the statutory factors, In re Marriage of Spreen, 107 Wn. App. 341, 349, 28 P.3d 769 (2001). In In re Marriage of Monkowski, 17 Wn. App. 816, 818-19, 565 P.2d 1210 (1977), the trial court found merely that the "[w]ife shall be awarded reasonable maintenance" and "[r]easonable maintenance is the sum of $1,000 per month for a period of ten years." This court concluded that such conclusory findings "are insufficient for us to determine whether [the RCW 26.09.090] factors were considered and, *if they were, upon what facts the court based its conclusions.*" Id. at 819 (emphasis

4

added).  Here, in its written ruling, the trial court did not list any facts on which it based its conclusion regarding maintenance.

Regarding the order of child support, other than the parties' financial information, which does not appear to be in dispute, it lacks any findings nor provides a reason for commencing Christopher's support payments on December 1, 2019, when the children still resided primarily with him. RCW 26.19.035(2) requires orders of child support "be supported by written findings of fact upon which the support determination is based[.]"

Normally, "[w]hen written findings of fact do not clearly reflect a consideration of the statutory factors," we may look to the trial court's oral ruling to discern the basis for its decision.  In re Marriage of Murray, 28 Wn. App. 187, 189, 622 P.2d 1288 (1981).  "When evidence of those factors is before the court and its oral opinion and written findings reflect consideration of the statutory elements, specific findings are not required on each factor."  Id. (citing In re Marriage of Croley, 91 Wn.2d 288, 588 P.2d 738 (1978)).  But here, the record does not contain a transcript of the trial court's oral ruling.[5]

Because we are unable to determine the basis for the trial court's decisions or how it applied the governing statutes, we must remand for entry of

---

[5] It is the appellant's burden to provide a sufficient record to review the issues raised on appeal.  RAP 9.2; In re Marriage of Haugh, 58 Wn. App. 1, 6, 790 P.2d 1266 (1990).  Though Christopher's appellate brief cites the purported transcript of the trial court's November 1, 2019 oral ruling, he did not arrange for a transcript of the oral ruling to be delivered to this court.

more specific findings of fact and conclusions of law based on the statutory factors.

We remand for further proceedings consistent with this opinion.[6]

_____
Chun, J.

WE CONCUR:

_____     _____

---

[6] Christopher also argues the trial court made many "unsupported findings" in making its primary residential placement determination. Since we remand the parenting plan for more specific findings, we do not reach this argument.