

**FILED**
**MAY 4, 2021**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | |
| | ) | No. 37195-6-III |
| MICHAEL S. HODGES, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| LINDA A. HODGES, | ) | |
| | ) | |
| Respondent. | ) | |

STAAB, J. — Michael Hodges filed for divorce from Linda Hodges after 13 years of marriage. At trial on the dissolution, the court awarded the bulk of the property, community and separate, to Mr. Hodges, and awarded Ms. Hodges a pickup truck, her personal property, and spousal support of $250 per month for six more years.

Mr. Hodges appeals, contending the trial court erroneously awarded the truck to Ms. Hodges and improperly ordered maintenance. We disagree and affirm.

FACTS

Michael and Linda Hodges were married for 13 years before separating in February 2018. The parties lived a frugal life in a home owned free and clear by Mr. Hodges who worked seasonally in odd jobs. Ms. Hodges did not work outside the home.

After Mr. Hodges filed for dissolution, Ms. Hodges filed a motion for temporary spousal support and the use of a vehicle.[1] The record suggests that the court continued Ms. Hodges' motion so that Mr. Hodges could provide documentation of his income. Despite this continuance, however, Mr. Hodges returned to court without any record of his income. Instead, he testified that his average income was $510 per month, and his living expenses were $700 to $800 per month. Mr. Hodges explained that he made up the difference with savings, which was now depleted, and government assistance. On June 14, 2018, the court ordered Mr. Hodges to pay Ms. Hodges temporary maintenance of $250 per month, up to $40 per month for a phone, and make repairs to a Jeep in order to make it operable for Ms. Hodges.

More than a year later, on October 31, 2019, trial was held to dissolve the marriage.[2] Ms. Hodges advised the court that she was only interested in receiving a few items of personal property, an operable vehicle, and continuing spousal support. She explained that she was currently living with her daughter in North Dakota and had nowhere to store or keep personal property or equipment. She asked for the sewing machines, jewelry making supplies, her clothes, a .243 rifle, a bible, and the 1999 Toyota

---

[1] Throughout these proceedings and appeal, the parties have represented themselves.

[2] The transcript from the hearing along with the court's findings of fact and conclusions of law were made part of the record on appeal, but the Decree of Dissolution was not transmitted.

pickup truck. Mr. Hodges objected to Ms. Hodges receiving the truck and continuing maintenance.

Ms. Hodges provided the court with a hand-written list of vehicles and personal property that she claimed were acquired during the marriage. Mr. Hodges went through the list of property with the trial court and estimated the value of each item for the court. The list included vehicles, trailers, farm equipment, and personal property. Mr. Hodges estimated the value of the Toyota to be $2,000. While no other single item on the list was significant in value, the court estimated the total value of all the items to be $13,970.00. The court also found that the real property owned separately by Mr. Hodges increased in value by approximately $12,000 during the marriage.

In support of her request for the Toyota truck, Ms. Hodges explained to the court that shortly after the last hearing, the exhaust and brakes went out on the Jeep and she needed an operable car. Mr. Hodges objected to transferring the Toyota, indicating that he received it from his father's estate after Ms. Hodges moved out of the home. He offered to transfer an Intrepid, but Ms. Hodges indicated the Intrepid was moldy and inoperable.

In the end, the court found the home was Mr. Hodges' separate property but the Toyota was community property. The court concluded that, despite the sentimental value of the truck, Ms. Hodges needed a working vehicle and Mr. Hodges was in the best position to sell assets and acquire another vehicle. In addition to the items already agreed

3

to by the parties, the court awarded Ms. Hodges the Toyota, along with six more years of

maintenance at $250 per month. The court explained its reasoning:

> So, the fact that you have—then would be having roughly $25,000.00
> worth of value through the marriage and she would be getting a 1999
> Toyota Tacoma pickup. It strikes me again that you're getting the long
> end, as we would say, of the property situation. The fact that it leaves
> you without an operating vehicle at this time is unfortunate, perhaps; but
> it—there may be a way for you to recoup that value or get a vehicle with
> the value of the property that you have in this situation.

Report of Proceedings (RP) at 73.

ANALYSIS

1. Can this court decide the appeal on the merits when the appellant, Mr. Hodges,
failed to transmit the final Decree of Dissolution as part of the record on appeal,
and failed to make any assignments of error?

The Rules of Appellate Procedure (RAP) 10.3(g) require the appellant's opening

brief to include "a separate assignment of error for each finding of fact a party contends

was improperly made." Appellate courts under RAP 10.3(g) will only review an error

that is either included in an assignment of error or "clearly disclosed in the associated

issue pertaining thereto." Rule 10.4(c) calls for parties to present the text of a disputed

finding of fact either in the discussion or in an appendix. The Supreme Court held that,

while assigning error to each disputed fact is best practice, if the discussion in the brief

disputes the finding, RAP 10.3 is satisfied. *In re Disciplinary Proceeding Against*

*VanDerbeek*, 153 Wn.2d 64, 81 n.14, 101 P.3d 88 (2004). Additionally, the rules are to

be "liberally interpreted to . . . facilitate the decision of cases on the merits." RAP 1.2(a).

The Rules of Appellate procedure also require each factual statement in a brief to be supported by reference to the record. RAP 10.3(a)(5). "Self-serving statements" that are not supported by reference to the record are not considered by appellate courts. *Hous. Auth. of Grant County v. Newbigging*, 105 Wn. App. 178, 184, 19 P.3d 1081 (2001).

In this case, while Mr. Hodges' brief does not explicitly assign error to the numbered findings of the court, his brief clearly disputes the court's findings in its argument. The respondent's brief seems to admit that this court can "reasonably conclude" that Mr. Hodges is objecting to the court's findings relating to the division of property and support. Resp't Br. at 5. However, Mr. Hodges' brief does contain several factual assertions that do not cite to the record or appear to be supported at any point in the record before this court. These include his assertion that his real and personal property is worth half of what the court valued it at and that his expenses are far greater than hers. The court will not consider those statements in reaching a decision.

2. Did the trial court err in awarding the Toyota truck to Ms. Hodges?

Trial courts have broad discretion to distribute the property of spouses in a dissolution action. *In re Marriage of Bowen*, 168 Wn. App. 581, 586, 279 P.3d 885 (2012). Distribution of property is reviewed for abuse of that discretion. *In re Marriage of Monkowski*, 17 Wn. App. 816, 817, 565 P.2d 1210 (1977). An abuse of discretion occurs when a decision is exercised on untenable grounds or for untenable reasons. *In re*

5

*Marriage of Obaidi & Qayoum*, 154 Wn. App. 609, 614, 226 P.3d 787 (2010). Such an abuse of discretion can occur in property division if a court's decision results in a "patent disparity" in the economic circumstances of the parties. *In re Marriage of Pea*, 17 Wn. App. 728, 731, 566 P.2d 212 (1977).

A trial court's findings of facts will be upheld if they are supported by substantial evidence. *In re Marriage of Chandola*, 180 Wn.2d 632, 649, 327 P.3d 644 (2014). Substantial evidence is evidence sufficient to persuade a fair-minded person. *Id.* Appellate courts defer to the trial court on matters of witness credibility. *In re Welfare of A.W.*, 182 Wn.2d 689, 711, 344 P.3d 1186 (2015). However, it can be reversible error for a trial court to completely disregard undisputed testimony. *See In re Custody of Stell*, 56 Wn. App. 356, 368, 783 P.2d 615 (1989) (trial court "simply disregarded" the "overwhelming and unrebutted" expert testimony of psychologist).

Under RCW 26.09.080, a trial court should distribute property in a way that is "just and equitable." The statute provides a non-exhaustive list of factors to consider that includes: (1) the nature and extent of community property, (2) the nature and extent of separate property, (3) the duration of the marriage, and (4) the economic circumstances of each spouse after the division of property. A fair and equitable distribution—not necessarily an equal one—is the court's primary goal. *In re Marriage of Doneen*, 197 Wn. App. 941, 950, 391 P.3d 594 (2017). Court's may distribute one spouse's separate

property to the other in order to reach a fair and equitable distribution. *See Konzen v. Konzen*, 103 Wn.2d 470, 477-78, 693 P.2d 97 (1985).

Trial courts must categorize all property as separate or community property. RCW 26.09.080. Mischaracterizing property can be reversible error, but it is harmless if it is clear that the court would have divided the property the same way had the property been correctly characterized. *In re Marriage of Marzetta*, 129 Wn. App. 607, 622, 120 P.3d 75 (2005), *overruled on other grounds by abrogated by McCausland v. McCausland*, 159 Wn.2d 607, 152 P.3d 1013 (2007). With few exceptions, property acquired during marriage is community property. RCW 26.16.030. Inherited property is separate property, even if acquired during marriage. RCW 26.16.010. Property acquired when spouses live separate and apart is also separate property. RCW 26.16.140.

In this case, the trial court improperly characterized the 1999 Toyota Tacoma as community property. The uncontroverted testimony is that it was acquired by Mr. Hodges as an inheritance from his father, and that this occurred after the couple began living separately. Nevertheless, we hold that the error was harmless.

It is clear that the court would have awarded the Toyota Tacoma to Mr. Hodges even if it properly characterized the vehicle as Mr. Hodges' separate property. The trial court intended to give Ms. Hodges an operable vehicle as part of the property distribution. The record indicates that the Toyota was the only operable vehicle that the parties owned. Mr. Hodges received the bulk of the remaining community and separate

7

property and was in a better position to either fix one of the other vehicles or sell assets to acquire an operable vehicle.

Substantial evidence also supports the court's valuation of property in this case. The court valued the personal property in line with Mr. Hodges' testimony of its worth. RP at 63–66. Even if the value of some of this property was somehow inflated to twice its value, as Mr. Hodges argues, the value of the Tacoma is still only a fraction of the community property Mr. Hodges was awarded.

3. Did the court abuse its discretion when it ordered $250 of spousal maintenance for seven years?

A trial court's decision to award maintenance is reviewed for an abuse of discretion. *In re Marriage of Luckey*, 73 Wn. App. 201, 209, 868 P.2d 189 (1994). The abuse of discretion standard is discussed above.

RCW 26.09.090 provides a non-exhaustive list of factors the court must consider in deciding maintenance. Those factors are: (1) the resources of the receiving spouse and that spouse's ability to meet his or her needs, (2) time needed for receiving spouse to be trained/educated and find appropriate employment, (3) the couple's standard of living during the marriage, (4) the duration of the marriage, (5) the "age, physical and emotional condition, and financial obligations" of the receiving spouse, and (6) the ability of the

8

paying spouse to meet his or her needs and obligations. RCW 26.09.090(1)(a)–(f). The duration and amount are to be "just" and set "without regard to misconduct." RCW 26.09.090(1). Maintenance is used to "more nearly equalize the post-dissolution standard of living of the parties," especially for long-term marriages where one spouse's income is "one of the few assets of the community." *In re Marriage of Sheffer*, 60 Wn. App. 51, 57, 802 P.2d 817 (1990).

In this case, the court considered the statutory factors and concluded that an award of maintenance was equitable. The court acknowledged Mr. Hodges was retaining all of the marital assets save for a small amount of personal property (sowing machines, jewelry making equipment, a bible) and the Toyota pickup. At the final hearing, Mr. Hodges noted that Ms. Hodges was totally disabled. RP at 74. Ms. Hodges' "physical condition" was also referenced in the trial court's Findings and Conclusions. The court had in mind the couple's modest standard of living, as well as the marriage's duration. RP at 12, 30, 39. The court acknowledged that maintenance in this situation was "not easy," but that Mr. Hodges would be able to meet his own needs. Clerk's Papers at 21. It seems that Mr. Hodges was the only person with income throughout the marriage. The court did not consider any misconduct.

The court considered the required factors; it did not base its decision on untenable reasons. While Mr. Hodges objects to the award of maintenance, he failed to provide the

court with any documentation to show his income or lack thereof. The award of $250

maintenance for seven years beginning in 2018 was not an abuse of discretion.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Fearing, J.

_____
Siddoway, A.C.J.

10